MAMLIN et al. v. UNITED STATES.

No. 48047.

Court of Claims.

June 1, 1948.

---

[3] Sec. 10(a), (b), (f), (n), and (t).

William J. Cocke, Jr., of Asheville, N. C., for plaintiff.

H. L. Godfrey, of Washington, D. C., and Herbert A. Bergson, Asst. Atty. Gen. (E. R. Weisbender, of Washington, D. C., on the brief), for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

LITTLETON, Judge.

Plaintiffs filed their petition herein to recover compensation under the Fifth Amendment and Section 10(i) of the Air Corps Act of July 2, 1926, 10 U.S.C.A. § 310(i), for the alleged taking and use by the Government, since April 28, 1944, of their invention without payment of compensation. The device alleged to have been used consists of a transparent face protector for use by fire fighters, for which they obtained a patent in June 1947. Plaintiffs claim that their device is a "design * * * relating to aircraft" within the meaning of the provisions of Section 10(i), supra.

The petition alleges that plaintiffs originated, developed and designed a safety appliance "for fighting fires on aircraft or at aircraft crashes at air bases or landing fields or on aircraft carriers." The appliance or device is a face protector for use by fire fighters and consists of a transparent plexiglass shield and attachments adapted to be fitted to an ordinary fireman's helmet. It is intended to afford maximum visibility when in position and to provide protection to the face of the user. It is alleged that the device was "especially developed and is particularly adapted to protect fire fighters at fires involving aircraft."

It is alleged that the face protector device as originated, developed and designed by plaintiffs has been manufactured by and for the United States and used by it for the Armed Forces since April 28, 1944, without the consent or permission of plaintiffs. It is further alleged that the United States has failed and refused to pay plaintiffs any compensation for such manufacture and use.

On December 9, 1944, plaintiffs filed an application for Letters Patent for a "Face Protector for Fire Fighters" and U. S. Patent No. 2,421,427 was issued thereon June 3, 1947. A copy of the patent is attached to and made a part of the petition as Exhibit A. No statement or claim was made by plaintiffs in the specifications or claims of the patent that the face protector device was primarily designed and especially adapted for use in fighting aircraft fires. The specifications set forth, among other things, "A primary object of this invention is the provision of an improved face protector adapted to be utilized in conjunction with a fireman's helmet, adapted to be swung forwardly over the face of the wearer thereof, in order to enable the operator to approach a blaze relatively closely without burning or injuring the face."

The first question is whether plaintiffs' face protector device is a "design * * * relating to aircraft or any components thereof" within the language and intention of Section 10(i) of the Air Corps Act of July 2, 1926, supra. That section authorizes suit in this court, within four years after accrual of the cause of action, to recover reasonable and entire compensation for the use or manufacture by or for the Government, after July 2, 1926, of "designs hereafter developed relating to

aircraft or any components thereof," without just compensation.

Plaintiffs contend that this section is not limited to aircraft designs and designs of components of aircraft, but covers all designs which relate to aircraft or components thereof, such as parts, equipment, matériel, devices affecting aircraft, and designs for aeronautical accessories, such as life rafts, parachutes, anti-exposure suits, and fire fighting equipment.

We cannot agree. A study of the various provisions and the history of the Air Corps Act of 1926 shows, as we have pointout in Frederick P. Fulmer v. United States, Ct.Cl., 77 F.Supp. 927, that in the enactment of subsection (i) of Section 10, relating to suits for compensation for use of designs, Congress was dealing with aircraft proper, including the constituent or essential elements or parts thereof. It is well known that there are many features and, therefore, many designs, involved in the successful construction and operation of airplanes and the various components and mechanisms thereof. There are many types of aircraft. It appears that Congress had in mind a design or designs relating to a new type of aircraft or to improved designs for one or more features of a particular type or types of aircraft or to one or more of the components thereof. We think it used the words "relating to aircraft" in this sense rather than in the sense claimed by plaintiff.

The advancement in the art of designing and constructing aircraft has resulted from the work, over a period of many years, of aeronautical engineers and experts in solving aerodynamic problems involved in new and improved aircraft designs, and the history of the Air Corps Act discloses that in the past a person who produced a new or improved design of considerable value to the Government oftentimes received little, if any, compensation from the Government for the use thereof. Congress was interested in and concerned with the matter of encouraging and promoting the art of developing new and improved aircraft designs and in making provision for the payment of just compensation for the use thereof by the Government, whether such designs were patented, unpatented, or unpatentable under R.S. § 4929, 35 U.S.C.A. § 73. The right to sue for just compensation if the Government used such designs and failed to pay therefor or failed to pay full compensation for such use, was, therefore, given by Section 10(i).

The Air Corps Act of 1926, as amended by the Act of March 3, 1927, 10 U.S.C.A. §§ 310–313, contained various provisions relating to the purchase under contracts by the Secretary of War and the Secretary of the Navy of aircraft, aircraft parts and aeronautical accessories, and, in this connection, the Act created the Patents and Design Board by Section 10(r) in which it was provided that "Any individual, firm or corporation may submit to the board for its action [relative to purchase of an assignment or license] any design, whether patented or unpatented, for aircraft, aircraft parts, or aeronautical accessories." This section further provided that, after the prescribed procedure had been followed, "the board shall then proceed to determine whether the use of the design by the Government is desirable or necessary and evaluate the design and fix its worth to the United States in an amount not to exceed $75,000." Further provision was made whereby the board might offer the sum so fixed to the owner of the design and if accepted such owner "shall execute complete assignment or nonexclusive license to the United States."

Had Congress intended by the earlier provision in Section 10(i) to grant the right to sue for compensation for unpatented designs or devices which might fall within the classification of "aeronautical accessories," we think it would have expressly so stated. As we have said, Section 10(i) was dealing with aircraft and essential elements or parts thereof, and there is a well-recognized distinction between aircraft and components thereof and accessories therefor. An aeronautical accessory is not an essential or necessary element or part of an airplane. An accessory is an article or device which may accompany a complete airplane and contribute in a secondary way to the conven-

ience or effective use of the aircraft but which is not essential.

For the reasons stated we are of the opinion that Congress intended in the enactment of Section 10(i) to distinguish between designs relating to aircraft and components thereof, and designs relating to aeronautical accessories.

We do not find it necessary in this case to decide whether plaintiffs' face protector device is a "design" or whether it is or is not an "aeronautical accessory."

Neither party has mentioned in the briefs the allegation in the petition that there was a taking by defendant of plaintiffs' property under the Fifth Amendment without payment of just compensation. This allegation of the petition is not sufficient to state a cause of action for taking under the Fifth Amendment.

The cause of action as alleged in the petition is not based on the statute, Act of June 25, 1910, giving this court jurisdiction of suits for infringements of patents by the United States, 35 U.S.C.A. § 68.

Defendant's demurrer is sustained, and the petition is dismissed. It is so ordered.